1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8    Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Ben Curry, Warden at the
9  Correctional Training Facility
   SF2008401643

10

11                   IN THE UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                           SAN FRANCISCO DIVISION

14

15  SIEU PHONG NGO,                              No. C 08-0620 JSW (PR)

16                              Petitioner,      RESPONDENT'S ANSWER
                                                 TO THE PETITION FOR
17              v.                               WRIT OF HABEAS CORPUS;
                                                 SUPPORTING
18  BEN CURRY, Warden,                           MEMORANDUM OF POINTS
                                                 AND AUTHORITIES
19                              Respondent.

20

21          As an Answer to the Petition for Writ of Habeas Corpus filed by prisoner Sieu Ngo,

22  Respondent Ben Curry, Warden at the Correctional Training Facility, admits, alleges, and denies

23  that:

24          1.      Sieu Ngo (J-07024) is in the lawful custody of the California Department of

25  Corrections and Rehabilitation following his 1994 conviction of second degree murder with a

26  firearm enhancement, for which the trial court sentenced him to a total of sixteen years to life.

27  (Pet., Supporting Br. 2.)  In this Petition, Ngo alleges that the Board of Parole Hearings's

28  February 8, 2006 decision finding him unsuitable for parole violated his federal due process

1  rights because by solely relying on the commitment offense, the Board's decision was not

2  supported by any evidence that he is a current danger to public safety. (*See generally* Pet.) Ngo

3  does not appear to challenge the Board's separate decision denying him parole for two years.

4  (*See generally* Pet.)[1]/

5      2.    Ngo filed a petition for writ of habeas corpus in the Superior Court of Orange

6  County, generally alleging the same claim that he does in this Petition. (Ex. 1.) The superior

7  court denied the petition, and issued a reasoned decision. (Ex. 2.) Specifically, the superior

8  court found that under *In re Dannenberg*, 34 Cal.4th 1061, 1071 (2005), the Board properly

9  relied on the commitment offense when denying Ngo parole because the Board relied on the

10 gang-related nature of the offense, which was a factor beyond the minimum elements of second

11 degree murder. (Ex. 2 at 3.) Thus, under *Dannenberg*, the superior court concluded that the

12 Board was "not required to consider the factors set forth in the California Code of Regulations,

13 title 15, section 2402." (Ex. 2 at 3.) The superior court also found that the Board's concern with

14 Ngo's lack of insight was proper under the provision of California Penal Code section 3041(b)

15 that parole be denied if public safety requires a longer period of incarceration. (Ex. 2 at 3.)

16     3.    Following the superior court's denial, Ngo then generally alleged the same claim

17 in petitions for writ of habeas corpus filed in the California Court of Appeal (Ex. 3) and in the

18 California Supreme Court (Ex. 5). The petitions were summarily denied. (Exs. 4, 6.)

19     4.    Respondent admits that Ngo exhausted his state court remedies regarding his

20 claim that the Board's February 8, 2006 decision finding him unsuitable for parole violated his

21 federal due process rights because by solely relying on the commitment offense, the Board's

22

---

23  1. Ngo also challenges the superior court's decision upholding the Board's reliance on Ngo's

24 lack of insight and regarding how the Board applied the regulations. (Pet., Supporting Br. 1.) This
   Court did not address this claim in the Order to Show Cause presumably because this claim lacks
   merit because it addresses how the state court addressed state law, which does not warrant federal

25 habeas relief. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that
   federal habeas relief is not available to "reexamine state-court determinations on state-law

26 questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the
   basis of a perceived error of state law."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)

27 (noting that a habeas petitioner may not transform a state law issue into a federal one merely by
   asserting a due process violation). Accordingly, Respondent will not address this claim unless this

28 Court specifically orders.

1  decision was not supported by any evidence that he is a current danger to public safety.

2  Respondent denies that Ngo has exhausted this claim to the extent it is interpreted more broadly

3  to encompass any systematic issues beyond this claim.

4      5.    Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).

5  Respondent admits that the Petition is not subject to any other procedural bar.

6      6.    Respondent denies that Ngo is entitled to federal habeas relief under 28 U.S.C. §

7  2254 because the state court decisions were not contrary to, or an unreasonable application of,

8  clearly established federal law as determined by the United States Supreme Court, or based on an

9  unreasonable determination of the facts.

10     7.    Respondent denies that Ngo has a federally protected liberty interest in parole and,

11  therefore, alleges that he has not stated a federal question invoking this Court's jurisdiction.  The

12  Supreme Court of the United States has not clarified the methodology for determining whether a

13  state has created a federally protected liberty interest in parole.  *See Greenholtz v. Inmates of*

14  *Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release

15  date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S.

16  472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an

17  "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545

18  U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty

19  interest).  California's parole statute does not contain mandatory language giving rise to a

20  protected liberty interest in parole under the mandatory-language approach announced in

21  *Greenholtz*.  And continued confinement under an indeterminate life sentence does not impose an

22  "atypical or significant hardship" under *Sandin* because a parole denial does not alter a prisoner's

23  sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves

24  his sentence.  Thus, Respondent asserts that Ngo does not have a federal liberty interest in parole

25  under either *Greenholtz* or *Sandin*.  Respondent acknowledges that in *Sass v. California Board of*

26  *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole

27  statute creates a federal liberty interest in parole under the mandatory-language analysis of

28  *Greenholtz*, but this issue is currently under review by an en banc panel of the Ninth Circuit.

1 | *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

2 | 8.    Even if Ngo has a federal liberty interest in parole, he received all due process to

3 | which he is entitled under clearly established federal law because he was provided with an

4 | opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442

5 | U.S. at 16; (*e.g.*, Pet., Ex. 1 at 56-66).[2/]

6 | 9.    Respondent denies that the some-evidence test is clearly established federal law in

7 | the parole context.

8 | 10.    Respondent denies that the Board's 2006 decision violated Ngo's due process

9 | rights, was arbitrary and capricious, was not supported by some evidence, relied on the

10 | commitment offense alone, and improperly characterized Ngo's offense as being beyond the

11 | minimum elements necessary to sustain a conviction for second degree murder.

12 | 11.    Respondent denies that clearly established United States Supreme Court law

13 | prohibits the Board from continually relying on the nature of the crime or any unchanging factor

14 | when determining his parole suitability, establishes that an unchanging factor is not probative of

15 | the issue of current danger, requires that a parole denial be based on post-conviction factors in

16 | part or in whole, and requires the Board to consider every factor set forth in section 2402, of title

17 | 15, of the California Code of Regulations.

18 | 12.    Respondent denies that the Board failed to provide Ngo due consideration by

19 | failing to consider all available relevant, reliable evidence when determining Ngo's suitability for

20 | parole, including Ngo's age at the time of the offense (Pet., Ex. 1 at 8, 10, 48, 57), and Ngo's

21 | behavior in prison (Pet., Ex. 1 at 13-20, 22-24, 45, 61-62). Respondent also denies that Ngo was

22 | under significant stress at the time of the offense. (*See, e.g.*, Pet., Ex. 1 at 9.)

23 | 13.    The superior court did not consider the Board's reliance on the district attorney's

24 | opposition to Ngo's parole. (*Compare* Ex. 2, *with* Pet., Ex. 1 at 63.) But this Court can still

25 | consider this factor because under AEDPA, this Court's review only addresses whether the state

26 | court's decision, as opposed to its reasoning, is an unreasonable application of federal Supreme

27 | Court law. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (determining in habeas

28 | 2. Respondent refers to the page numbers on top of the transcript and not to the handwritten page numbers on the lower right corner of Ngo's exhibits.

Resp't's Answer to the Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.

*Ngo v. Curry*
No. C 08-0620 JSW (PR)

1  proceedings that "the intricacies of the state court's analysis need not concern us; what matters is

2  whether the *decision* the court reached was contrary to controlling federal law").

3      14.     Respondent denies that Ngo is challenging the Board's separate decision to deny

4  him parole for two years.  If this Court finds otherwise, Respondent denies that that decision

5  violated Ngo's due process rights.

6      15.     Respondent submits that an evidentiary hearing is not necessary because the

7  claims can be resolved on the existing state court record.  *Baja v. Ducharme*, 187 F.3d 1075,

8  1078 (9th Cir. 1999).

9      16.     Respondent denies that Ngo is entitled to release.  The remedy is limited to the

10  process that is due, which is a new hearing by the Board comporting with due process.  *See*

11  *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole

12  is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate

13  to a favorable parole decision).

14      17.     Ngo fails to state or establish any grounds for habeas corpus relief.

15      18.     Except as expressly admitted in this Answer, Respondent denies the allegations of

16  the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

19      Ngo contends that the Board's 2006 decision finding him unsuitable for parole violated

20  his due process rights.  But Ngo merely alleges a disagreement with the Board's decision, and

21  fails to establish that the state court decisions denying his due process claims are contrary to, or

22  an unreasonable application of, clearly established federal law as determined by the United States

23  Supreme Court, or were based on an unreasonable determination of the facts.  Thus, there are no

24  grounds for federal habeas relief.  Accordingly, this Court should deny the Petition.

25  ////

26  ////

27  ////

28  ////

1

**ARGUMENT**

2

**I.**

3
4

**NGO HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.**

5          Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal

6   court may not grant a writ of habeas corpus unless the state court's adjudication was either:  1)

7   "contrary to, or involved an unreasonable application of, clearly established Federal law, as

8   determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

9   determination of the facts in light of the evidence presented at the State Court proceeding."

10  28 U.S.C. § 2254(d)(1-2) (2000).  Ngo has not demonstrated that he is entitled to relief under this

11  standard.

12          **A.      Ngo Has Not Shown that the State Court Decisions Were**
                        **Contrary to Clearly Established Federal Law.**
13

14          As a threshold matter, the Court must decide what, if any, "clearly established Federal

15  law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  In making this determination, the

16  Court may look only to the holdings of the United States Supreme Court governing at the time of

17  the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (quoting

18  *Williams v. Taylor*, 529 U.S. 362 (2000)).  The only case in which the Supreme Court has

19  addressed the process due in state parole proceedings is *Greenholtz*.  *Greenholtz*, 442 U.S. 1.

20  The Supreme Court there held that due process is satisfied when the state provides an inmate an

21  opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16.  "The

22  Constitution does not require more." *Id.*[3]  No other Supreme Court holdings require more at a

23  parole hearing.

24          Ngo does not contest that he received the *Greenholtz* protections.  (*See generally* Pet.)

25  Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding

26          3. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
27  of process due for inmates being considered for release on parole includes an opportunity to be heard
    and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's*
28  methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its]
    discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Resp't's Answer to the Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.          *Ngo v. Curry*
                                                                                           No. C 08-0620 JSW (PR)

1   an inmate's due process rights during parole proceedings, the state court decision upholding the

2   Board's decision was not contrary to clearly established federal law. Thus, the Petition should be

3   denied.

4          Although Ngo alleges that the Board's decision must be supported by some evidence,

5   there is no clearly established federal law applying the minimal some-evidence standard to parole

6   decisions. The Supreme Court has held that under AEDPA a test announced in one context is

7   not clearly established federal law when applied to another context. *Wright v. Van Patten*,

8   ___U.S.___ 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933

9   (2007); *Musladin*, 127 S. Ct. at 652-54; *see also Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th

10  Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d

11  716, 718, 727 (9th Cir. 2007). The Supreme Court developed the some-evidence standard in the

12  context of a prison disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which

13  is a fundamentally different context than a parole proceeding. Because the tests and standards

14  developed by the Supreme Court in one context cannot be transferred to distinguishable factual

15  circumstances for AEDPA purposes, it is not appropriate to apply the some-evidence standard of

16  judicial review to parole decisions.

17         While the Ninth Circuit has applied the some-evidence standard to parole decisions, this

18  is improper under AEDPA, and the issue is currently pending before an en banc panel of the

19  Ninth Circuit. *Hayward*, 527 F.3d 797. AEDPA does not permit relief based on circuit case law.

20  *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive

21  for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court

22  precedent is relevant only to the extent it clarifies what constitutes clearly established law.")

23  (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000) ("Ninth Circuit precedent

24  derived from an extension of a Supreme Court decision is not 'clearly established federal law as

25  determined by the Supreme Court.'")). Therefore, the Ninth Circuit's use of the some-evidence

26  standard is not clearly established federal law and is not binding on this Court. *See, e.g., Irons v.

27  Carey*, 505 F.3d 846, 851 (9th Cir. 2007); *Sass*, 461 F.3d at 1128; *Biggs v. Terhune*, 334 F.3d

28  910 (9th Cir. 2003).

1       Similarly, Ngo's claim that the Board's reliance on the immutable factor of his

2 commitment offense violates due process finds no support in Supreme Court precedent.

3 Although the Ninth Circuit has suggested that this might amount to an additional due process

4 claim, *Biggs*, 334 F.3d at 917, federal habeas relief is not available because there is no clearly

5 established federal law precluding reliance on unchanging factors. 28 U.S.C. § 2254(d).

6       In sum, the only clearly established federal law setting forth the process due in the parole

7 context is *Greenholtz*. Ngo does not allege that he failed to receive these protections. Therefore,

8 Ngo has not shown that the state court decisions denying habeas relief were contrary to clearly

9 established federal law.

10    **B.   Ngo Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

11

12       Habeas relief may only be granted based on AEDPA's unreasonable-application clause

13 where the state court identifies the correct governing legal rule from Supreme Court cases but

14 unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The

15 petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at

16 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-

17 evidence standard as clearly established federal law, but even accepting that premise, Ngo is not

18 entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-

19 evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*,

20 29 Cal. 4th 616 (2002), and Ngo has not shown that the state courts unreasonably applied the

21 standard.

22       Looking through to the last reasoned state court decision, *Ylst v Nunnemaker*, 501 US

23 797, 804-06 (1991), the superior court properly concluded that some evidence in the record

24 supported the Board's finding that Ngo was unsuitable for parole because public safety

25 considerations required longer incarceration based on the commitment offense, and that he

26 minimized the gravity of the crime and thus lacked insight. (Ex. 2 at 3.)[4] Ngo has not shown

27    4. It is unclear if the Board relied on Ngo's lack of insight only in its separate decision

28 denying him parole for two years. (*See* Pet., Ex. 1 at 67-69.) Either way, the Board's reliance on this factor was supported by some evidence. (Pet., Ex. 1 at 67-68.)

1   that the state court unreasonably applied the some-evidence standard of *Superintendent v. Hill*,

2   472 U.S. 445, 454-57. Rather, Ngo is requesting that this Court re-weigh his suitability, and this

3   has no basis in federal law. *Hill*, 472 U.S. at 455.

4       **C.    Ngo Has Not Shown that the State Court Decisions Were Based**
        **on an Unreasonable Determination of the Facts.**

5

6       Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions

7   were based on an unreasonable determination of the facts in light of the evidence presented in the

8   state court. The state court's factual determinations are presumed to be correct, and the petitioner

9   has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §

10  2254(e)(1).

11      Although Ngo alleges that the Board did not consider all relevant factors, he does not

12  show that the state court made factual errors. The superior court found that the Board pointed to

13  a factor beyond the minimum elements of second degree murder when relying on his crime to

14  deny him parole. (Ex. 2 at 3.) Specifically, the superior court noted how Ngo and other gang

15  members attacked a fifteen-year-old fellow gang member by beating, kicking, and fatally

16  shooting the victim. (Ex. 2 at 1.) The superior court noted that Ngo did not shoot the victim, but

17  that the Board "pointed over and over to the gang-related nature of the offense" and "the death of

18  the young victim resulted from gang rivalry." (Ex. 2 at 3.) The superior court also noted that the

19  Board properly concluded that longer incarceration was necessary because by stating that he

20  thought he was going to a fist fight, Ngo minimized the gravity of the crime and his involvement,

21  and demonstrated a lack of insight. (Ex. 2 at 1-3.)

22      Ngo has not alleged by clear and convincing evidence that the superior court's factual

23  determinations are incorrect. Accordingly, the superior court properly concluded that some

24  evidence supported the Board's findings about Ngo's commitment offense and lack of insight.

25  (Ex. 2 at 3.) Ngo's disagreement reflects the weight the Board assigned to the evidence, but this

26  disagreement does not entitle Ngo to federal habeas relief. *Hill*, 472 U.S. at 455.

27  ////

28  ////

**CONCLUSION**

Ngo has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or were based on an unreasonable determination of the facts. Thus, this Court should deny the Petition.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent J. Hartley, Acting Warden at
Avenal State Prison

---

Resp't's Answer to the Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.

*Ngo v. Curry*
No. C 08-0620 JSW (PR)

10

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Ngo v. Curry**

No.:    **C08-0620 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 3, 2008**, I served the attached

### RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Sieu Phong Ngo, J-07024**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 3, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Palomino | _____ |
| Declarant | Signature |

20139199.wpd